Timothy W. Durkop 22985
Durkop Law Office
606 S. Pines Road
Spokane Valley, WA 99206
(509) 928-3848
FAX 921-7699
Attorney for the Plaintiffs

HONORABLE JOHN A. ROSMEISEL

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: <br><br> HODGES, THOMAS AND TERESA, <br><br> Debtors. <br> _____ <br><br> THOMAS AND TERESA HODGES (husband and wife), <br><br> Plaintiffs, <br><br> v. <br><br> ARMADA fdba COMMERCIAL COLLECTION SERVICE, INC. (a Washington Corporation), <br><br> Defendant. | NO. 03-05721-JAR7 <br><br> _____ <br><br> **ADV NO.** <br><br> **A05-80029-JAR7** <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

FACTS

The defendant filed a response which indicates that it in fact attempted to collect $250.00 which was discharged by the plaintiffs' chapter 7. Further, even assuming that the all fees were allowed as defendant claims (the $250.00 plus

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** – 1

DURKOP LAW OFFICE
606 S. Pines Road
Spokane Valley, WA 99206
(509)928-3848   FAX 921-7699
mail@durkoplaw.com

another $495.00 for $745.00), the defendant attempted to collect $1,269.13 on October 8, 2004. The defendant also sued the plaintiffs during the dispute period.

ANALYSIS

The undisputed facts indicate that violations of bankruptcy law and the Fair Debt Collection Practices Act occurred

I. DEFENDANT ACTED IN CONTEMPT OF THE INJUNCTION.

The defendant freely admits that the plaintiffs paid $700.00 before the filing of the bankruptcy. Defendant also admits that the pre-petition balance of attorney fees was $250.00. Plaintiff contends this balance should be $200.00, but will concede for purposes of this motion that the amount is $250.00. This amount discharged when the plaintiffs received their discharge. *In re Jastrem*, 253 F.3d 438 (9th Cir. 2001).

Plaintiffs sent notices to the defendant in an attempt to stop it from taking any further action. However, the defendant sued the plaintiffs *twice* in state District Court in an attempt to collect the discharged fee. Plaintiffs were left with no alternative but to seek legal counsel. The defendant is liable for this action.

II. ARMADA VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT.

The defendant did not contest the issues raised by its actions in suing the plaintiffs during the dispute period. Nor did it dispute the fact that it was attempting to collect $1,269.13 on the debt it now claims is $745.00. Defendant does not

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** – 2



DURKOP LAW OFFICE
606 S. Pines Road
Spokane Valley, WA 99206
(509)928-3848   FAX 921-7699
mail@durkoplaw.com

address the fact that the filing of the lawsuit of November 9, 2004 violated 11 U.S.C. 1692g.(2):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

The filing and service of the lawsuit violated this section, since the debt collector did not "shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtain[ed] verification of the debt."

The defendant did not address the issue of whether it violated 15 U.S.C. § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

The defendant attempted to collect $1,269.13 on the debt it claims is $750.00.

Finally, defendant did not defend the sending of a notice on which was

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** – 3

DURKOP LAW OFFICE
606 S. Pines Road
Spokane Valley, WA 99206
(509)928-3848  FAX 921-7699
mail@durkoplaw.com

clearly visible on the outside of the envelope: "you have a total of $1278.04 owing in our office at". This communication violates 15 U.S.C. § 1692c.(b).

> (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Plaintiffs has established three separate violations of the Act. Any one is sufficient for liability.

## CONCLUSION

The defendant wilfully violated the bankruptcy injunction. The defendant also violated the Fair Debt Collection Practices Act. Plaintiffs' motion should be granted as requested.

Respectfully submitted,

*August 30, 2005*        /s/ Timothy W. Durkop
Dated:_____    _____
                         Timothy W. Durkop 22985
                         Attorney for the Plaintiffs

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** – 4

DURKOP LAW OFFICE
606 S. Pines Road
Spokane Valley, WA 99206
(509)928-3848   FAX 921-7699
mail@durkoplaw.com