Timothy W. Durkop 22985
Durkop Law Office
2406 S. Dishman Mica Rd #1
Spokane Valley, WA 99206
(509) 928-3848
FAX 928-0125
Attorney for the Plaintiffs

HONORABLE JOHN A. ROSMEISEL

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

IN RE:

HODGES, THOMAS AND TERESA,

    Debtors.
_____

THOMAS AND TERESA HODGES
(husband and wife),

    Plaintiffs,

v.

ARMADA fdba
COMMERCIAL COLLECTION SERVICE,
INC. (a Washington Corporation),

    Defendant.

NO. 03-05721-JAR7

_____

**ADV NO.**

**A05-80029-JAR7**

**PLAINTIFFS' TRIAL BRIEF**

## FACTS

Plaintiffs were debtors in a bankruptcy proceeding. Defendant attempted to collect a debt for attorney fees allegedly owed to their bankruptcy counsel, which

**PLAINTIFFS' TRIAL BRIEF – 1**

DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

05-80029-JAR    Doc 54    Filed 01/12/06    Entered 01/12/06 15:07:16    Pg 1 of 12

was at least partially incurred pre-petition. Plaintiffs informed defendant of the bankruptcy. Defendant brought two separate collection lawsuits in Chelan County District Court after it had knowledge of the bankruptcy discharge. Some of the debt was arguably post-petition.

The attorney fee disclosure indicated that the plaintiffs had not paid anything towards attorney fees. This was inaccurate as plaintiffs had paid $700.00 before the filing of the bankruptcy. Bankruptcy counsel claims to be owed money for work done post-petition.

## ANALYSIS

A debtor's fresh start is a fundamental principal of bankruptcy law. From the debtors' perspective, the entire purpose of filing bankruptcy is to obtain peace from financial problems and afford them a fresh start. This process must be protected from abuse by creditors of all types. Violations of the discharge injunction and other consumer protection laws must be enforced by this court to ensure that the process works. In this matter the undisputed facts make it clear that the Plaintiffs are entitled to compensation resulting from the defendant's conduct which violated the bankruptcy injunction, and the Federal Fair Debt Collection Practices Act.

A matter is ripe for summary judgment when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. The court must determine, viewing the evidence in the light most favorable to the nonmoving party,

**PLAINTIFFS' TRIAL BRIEF – 2**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

whether there are any genuine issues of material fact and then apply the relevant substantive law. *Fed. R. Civ. Proc.* 56©; *Bianchi v. Walker,* 163 F.3d 564, (9th Cir., 1998); *Parker v. United States*, 110 F.3d 678, 681 (9th Cir.1997). This matter is ripe for summary judgment for the following reasons: It is undisputed that Defendant Armada had the ability to comply with the bankruptcy injunction but elected not to do so. To the extent that there is any confusion as to the legal status of the debt, defendant was encouraged to seek counsel for its own benefit. Further, defendant's violation of the Fair Debt Collection Practices Act is readily apparent.

I. **DEFENDANT ACTED IN CONTEMPT OF THE INJUNCTION.**

At the time of filing their petition, the plaintiffs had paid their bankruptcy attorney $700.00. Although Mr. Sealby filed a disclosure statement indicating that nothing had been paid, this was not true. The $700.00 was the agreed-upon attorney fee for the *complete* bankruptcy representation. At the time of filing the debtors still owed their attorney $200.00.[1] This amount is subject to discharge. *In re Jastrem*, 253 F.3d 438 (9th Cir. 2001).

Mr. Sealby then began billing the plaintiffs for post-petition work. The total

---

[1] The debtors' pre-petition payment of $700.00 would first be applied to pay the filing fee, then would be used to pay a portion of the attorney fees. FRBP 1006. Thus, at the time of filing the debtors had paid the filing fee, and $500.00 in attorney fees, leaving $200.00 in attorney fees to be paid post-petition. This amount discharged as discussed *infra*.

**PLAINTIFFS' TRIAL BRIEF – 3**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

bill after all services were rendered was $1,269.13. Armada attempted to collect this entire amount.

The issues which must be addressed to establish an injunction violation are as follows: (1) What part, if any, of the debt covered by the discharge injunction? (2) Did Armada have notice of a valid, enforceable court order? (3) Did Armada violate that order when it had the ability to comply with that order?

### A. THE DEBT FOR ATTORNEY FEES INCURRED BY A BANKRUPTCY PRACTITIONER, PRE-PETITION, ARE SUBJECT TO DISCHARGE.

Debtors' counsel are in a rather precarious position when they file a client's bankruptcy petition. The Ninth Circuit had long held that all attorney fees discharge in a bankruptcy proceeding. Only recently has the Ninth Circuit clarify the case law stating that pre-petition attorney fees are dischargeable and post-petition fees are not dischargeable. *In re Hines*, 147 F.3d 1185 (9th Cir. 1998). This issue was revisited in the cases of *In re Sanchez*, 247 F.3d 1148 (9th Cir 2001), and *In re Jastrem*, 253 F.3d 438 (9th Cir. 2001). The black letter rules from that case are very instructive:

1. Reasonable fees for post-petition work are not dischargeable. *Sanchez,* 247 F.3d at 1150, 1151.

2. When the discrepancy between the post-petition fee charged and the fee later determined to be reasonable is great enough to

**PLAINTIFFS' TRIAL BRIEF – 4**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

indicate that the debtor's attorney knew the fee charged was unreasonable, sanctions may be appropriate. *Id.* at 1151.

   3.   Pre-petition fees are subject to discharge. *Jastrem,* 253 F.3d at 441.

Application of these rules to the undisputed facts in this case resolve the issue of the status of the debt. First, plaintiffs paid $700.00 prior to the filing of the bankruptcy petition. The disclosure of compensation states that nothing was paid. It is undisputed that the statement of compensation is inaccurate. Regardless, there is no dispute that Armada was attempting to collect a "filing fee" from plaintiffs. See Carlson McMahon & Sealby, PLLC Letter to Armada dated November 24, 2004:

> July 03-03 The filing fee is not dischargeable. Mr. Hodges agreed to pay this filing fee and its was fronted by our firm for purposes of filing the bankruptcy petition.

The collection of the filing fee is wrong on many levels. First, before any attorney fees can be paid from a retainer, the filing fee must be paid. FRBP 1006(b)(3). The attempted collection of a filing fee after the attorney has been paid $700.00 is a violation of FRBP 1006(b)(3). In addition, if the attorney in fact advanced the filing fee, the obligation to repay the fee would be subject to discharge. *In re Jastrem*, 253 F.3d 438 (9th Cir. 2001). Even if the payment was properly credited, the remaining balance of $200.00 would be subject to discharge



**PLAINTIFFS' TRIAL BRIEF – 5**

DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

as pre-petition attorney fees. Based on these facts there is no question that Armada was attempting to collect a discharged debt.

### B. THE POST-PETITION FEES WHICH ARE UNREASONABLE ARE DISCHARGED.

A pivotal ruling from the *Sanchez* case determined that post-petition fees which are unreasonable would be subject to discharge. It was not until a letter dated August 5, 2004 that the plaintiffs were informed that additional work would be charged at a rate of $150.00 per hour. This rate was charged unilaterally. Up to that date, plaintiffs were charged an additional $287.95 in fees and costs. Mr. Sealby charged $150.00 to file and mail 27 notices of stay. This seems to be unreasonable in two ways. First, the court's noticing center sends out similar notices (that is paid for by the debtors' filing fee), and second, it appears that this practice should be included in a flat fee arrangement, unless it can be shown that it was somehow necessary to mail the extra notice.

Plaintiffs believe, at a minimum, these fees are per se unreasonable and discharged with the entry of the injunction. Factual issues exist as to the reasonableness of the remaining fees after August 5, 2004.

### C. ARMADA HAD NOTICE OF THE DISCHARGE INJUNCTION.

Armada would not be liable for damages if it did not have notice of the injunction. There is, however, no material issue of fact as to notice. Mr. Hodges

**PLAINTIFFS' TRIAL BRIEF – 6**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

told Armada about the injunction, wrote letters about the injunction, and in fact encouraged them to seek legal counsel. Notice is not disputed.

### D. ARMADA VIOLATED THE INJUNCTION WHEN IT HAD THE ABILITY TO COMPLY WITH IT.

Armada could avoid liability if it can show for some reason that it did not have the ability to comply with the injunction. However, it is difficult, if not impossible to imagine how it could simply not collect on a discharged debt. To comply with the injunction, it simply must not attempt to collect the debt.

### E. ARMADA IS SUBJECT TO LIABILITY.

Liability for violations of the bankruptcy injunction have been addressed by the Ninth Circuit in the case of *In re Dyer*, 322 F.3d 1178 (9th Cir. 2003). In the *Dyer* case the court admitted that previous jurisprudence was anemic on this topic until recently:

> Although the availability of civil contempt sanctions under § 105(a) has a checkered past in our circuit, [footnote omitted] the recent precedent makes clear that this remedy is available. *Renwick v. Bennett* (*In re Bennett*), 298 F.3d 1059, 1069 (9th Cir.2002); *Walls v. Wells Fargo Bank*, 276 F.3d 502, 507 (9th Cir.2002)

*Dyer* at 1189, 1190.

Civil contempt sanctions are clearly available to address injunction violations. The issues in the *Dyer* case as they apply to this matter relate to the nature and extent of the court's contempt authority to sanction a creditor for willful violations of

**PLAINTIFFS' TRIAL BRIEF – 7**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

the bankruptcy injunction. In *Dyer*, the court concluded that a Bankruptcy Judge's contempt powers allow him or her to award damages, attorney fees and costs, and some minor, non-criminal monetary sanction. The court's analysis focused on the nature of civil sanctions noting that any sanction must be compensatory or coercive:

> As both *Walls* and *Pace* emphasize, the contempt authority conferred on bankruptcy courts under §105(a) is a civil contempt authority. As such, it authorizes only civil sanctions as available remedies.
>
> We recently explained the difference between civil sanctions and criminal sanctions: Civil penalties must either be compensatory or designed to coerce compliance. *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137-38 (9th Cir.2001). In contrast, "a flat unconditional fine totaling even as little as $50" could be criminal "if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance," and the fine is not compensatory. Id. at 1138 (citation omitted). See also *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-34, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). This is so regardless of whether the non-compensatory fine is payable to the court or to the complainant.

*Dyer* at 1192.

The court also explained that the difference between civil and criminal sanction depends somewhat on the severity of the sanction.

> Although "relatively mild" non-compensatory fines may be necessary under some circumstances, *Zambrano v. Tustin*, 885 F.2d 1473, 1479 (9th Cir.1989); *Hanshaw*, 244 F.3d. at 1140 n. 10, the language of §105(a) simply does not allow for the serious punitive penalties here assessed (a minimum of $50,000 and, under the trustee's theory, over $200,000). As we did in *Hanshaw*, we leave for another day the development of a precise definition of the term "serious" punitive (criminal) sanctions. Id. (citing cases and implying that any fine above $5,000, "at least in 1998 dollars," would be



**PLAINTIFFS' TRIAL BRIEF – 8**

DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

serious, but declining to reach the question). [footnote omitted.]

*Dyer* at 1193.

In the final analysis the court concluded that a bankruptcy judge has authority to enforce its orders through the use of civil sanctions and a bankruptcy judge may not impose any "serious punitive sanctions." *Dyer* at 1195.

In this matter, Defendant filed two lawsuits to collect a discharged debt when it had knowledge of the bankruptcy injunction. This debt collection activity was in wilful violation of the bankruptcy discharge injunction. Further, the fact that the plaintiff had to employ an attorney to remedy the situation is also unreasonable and actionable.

Summary judgment as requested for the injunction violation is appropriate.

## III. ARMADA VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT.

The undisputable facts indicate that defendant violated the black-letter provisions of the Fair Debt Collection Practices Act (Act or the Act). In applying the Act the court should consider that there is no issue of intent, bad faith or negligence in determining if a defendant is liable for a violation of the Act. "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, supra at 33. Also, see: *Bentley v. Great Lakes Collection Bureau*, at 62. The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary

**PLAINTIFFS' TRIAL BRIEF – 9**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

judgment for the plaintiff."  *Cacace v. Lucas*, 775 F.Supp. 502, 505 (D.Conn. 1990).

The undisputed facts as demonstrated by the physical evidence indicate that the Defendant violated at least three sections of the Fair Debt Collection Practices Act.  First, the defendant continued collection activity after a request for verification of the debt but before verification was made.  Second, the defendant attempted to collect an amount not authorized by law.  Third, the defendant violated the third-party disclosure prohibition.

### A. ARMADA SUED PLAINTIFFS WHILE THE DEBT WAS IN DISPUTE.

The undisputable facts demonstrate that Armada first contacted the plaintiffs on or about October 13, 2004.  The plaintiffs immediately disputed the debt.  On November 9, 2004, Armada filed suit.  In a letter dated November 24, 2004, Mr. Sealby addressed the dispute and Armada subsequently sent the letter to the plaintiffs.  The filing of the lawsuit of November 9, 2004 violated 11 U.S.C. 1692g.(2):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**PLAINTIFFS' TRIAL BRIEF – 10**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA  99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

The filing and service of the lawsuit violated this section, since the debt collector did not "shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtain[ed] verification of the debt."

**B.   ARMADA ATTEMPTED TO COLLECT AN AMOUNT NOT AUTHORIZED BY LAW OR CONTRACT.**

The facts at trial will demonstrate that Armada was attempting to collect $1,269.13 on the debt it now claims is $745.00.

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

The attempted collection of an amount greater than that which is owed is a violation of the Act.

**C.   ARMADA MADE IMPROPER THIRD-PARTY DISCLOSURES.**

Armada sent a notice which was clearly visible on the outside of the envelope stating: "you have a total of $1278.04 owing in our office at". This communication is readily visible to anyone who sees the letter and is a violation of 15 U.S.C. § 1692c.(b).

> (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given

**PLAINTIFFS' TRIAL BRIEF – 11**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA  99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com

directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Plaintiffs can clearly establish three separate violations of the Act. Any one is sufficient for liability.

## CONCLUSION

The defendant wilfully violated the bankruptcy injunction. The defendant also violated the Fair Debt Collection Practices Act. Plaintiffs' motion should be granted as requested.

Respectfully submitted,

*January 12, 2006*  
Dated:_____

*/s/ Timothy W. Durkop*  
_____  
Timothy W. Durkop 22985  
Attorney for the Plaintiff

**PLAINTIFFS' TRIAL BRIEF – 12**



DURKOP LAW OFFICE
2406 S. Dishman Mica Road #1
Spokane Valley, WA 99206
(509)928-3848 FAX 928-0125
mail@durkoplaw.com